

801 Travis | Suite 1610
Houston, Texas 77002

Phone:   832.631.9992
Fax:       832.631.9991
E-mail:   David@chzfirm.com

September 13, 2023

*Via CM/ECF:*
Hon. George C. Hanks, Jr.
United States District Judge, SDTX
515 Rusk Street, Room 5300
Houston, TX 77002

**Re: Civil Action No. 4:23-cv-02371,** *Good Sportsman Marketing, LLC v. Chen, et al.*

Honorable Judge Hanks, Jr.,

This firm represents Plaintiff Good Sportsman Marketing, LLC ("GSM") in the above-referenced action. I write pursuant to the Court's Procedures requiring a pre-motion prior to filing any motion to amend a pleading pursuant to FED. R. CIV. P. 15. This is a copyright infringement and trade dress infringement case, with related state law claims.

GSM filed this lawsuit on June 28, 2023 against Defendant Sheng Chen for selling infringing products on Amazon. Shortly after the lawsuit was filed, GSM learned of the identities of two additional individuals, Haiying Cheng and Chen Zubang, who were also selling the infringing products on Amazon. Thus, on July 10, 2023, GSM amended its Original Complaint as a matter of course to join Defendants Haiying Cheng and Chen Zubang to the lawsuit. *See* FED. R. CIV. P. 15(a)(1); Dkt. 6. Due to this amendment, GSM can no longer amend its pleadings without the written consent of Defendants or leave of court. FED. R. CIV. P. 15(a)(2).

On August 24, 2023, Defendants submitted a letter to this Court requesting a pre-motion conference based on their intent to file a Rule 12 motion to dismiss the First Amended Complaint ("FAC"). Dkt. 19. The letter identified three alleged deficiencies with the FAC. GSM believes the three alleged deficiencies in its FAC are easily cured by amendment if the Court determines that the Defendants' position is meritorious.

On September 11, 2023, GSM asked Defendants' counsel to grant GSM consent to amend the FAC pursuant to FED. R. CIV. 15(a)(2), so that GSM would not need to seek leave of the Court to amend its pleading at this early stage. GSM informed Defendants that Judge Edison intends to enter a docket control order at the Initial Pretrial Conference on November 23, 2023 and that Judge Edison's model docket control order includes a deadline by which parties must amend the pleadings, without seeking leave of Court. Dkt. 4 at Item 6. This indicates the Court

**September 13, 2023**

would likely grant GSM leave to amend its pleadings at such an early stage, and Defendants' written consent to an amendment would eliminate the need for GSM to seek such leave.

On September 11, 2023, counsel for Defendants responded that they would consent to an amendment, but appeared to condition their consent on GSM agreeing to an early deadline in the docket control order for amendment of pleadings so that GSM is not permitted any additional amendments without leave of Court.[1] GSM responded that it could not agree to limit itself to a single amendment, as the docket control order does not contemplate any such limitation on amendments. GSM asked Defendants whether they withdrew their consent to GSM's amendment given that GSM would not limit itself to only one amendment. Defendants did not respond to GSM's email. On September 12, 2023, GSM again asked Defendants whether they consented to GSM's amendment. To date, no response has been received. As such, it appears Defendants oppose GSM's amendment, resulting in the instant letter requesting a pre-motion conference.

Because the case is in its early stages, i.e. the parties have not held a Rule 26(f) conference, there has been no initial pretrial conference, and no docket control order is in place, the amendment would not cause delay or prejudice. The lack of prejudice is further evidenced by the fact that Defendants would have consented to the amendment, had they received something in return. Moreover, this would be the first amendment in response to Defendants' Rule 12 challenge and there has been no undue delay, bad faith, or dilatory motive by GSM in seeking amendment. Finally, because the amendment would cure the alleged deficiencies in the FAC, it is both important and not futile. *See Edionwe v. Bailet*, 860 F.3d 287, 295 (5th Cir. 2017) (identifying the various factors a court should consider in granting or denying leave to amend).

For the foregoing reasons, GSM respectfully requests a pre-motion conference regarding leave to amend the FAC, or requests the Court enter an order granting GSM leave to amend.

Respectfully,

J. David Cabello
Cabello Hall Zinda, PLLC

---

[1] Specifically, Counsel for Defendants stated "I have no problem with agreeing to allow amendment of the complaint without leave but I would only like to do this once. We can agree to whatever date that you want as the date for the docket control order. Thus anything after the Second Amended Complaint would require leave of the court. Just let me know what date you want to submit the Second Amended Complaint."