United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOOD SPORTSMAN MARKETING, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-2371 |
| | § | |
| SHENG CHEN, | § § | |
| | § | |
| Defendant. | | |

## **ORDER**

The Court entered a default judgment in this case after finding that Defendants repeatedly failed to comply with the Court's discovery orders and that defense counsel, in an apparent attempt to mitigate their clients' inability or refusal to participate in discovery, fabricated discovery responses by printing materials from third-party websites and passing those materials off as documents produced by their clients. (Dkt. 94; Dkt. 95; Dkt. 109). Defendants have moved to vacate the default judgment under Federal Rule of Civil Procedure 60(b), while Plaintiff has asked the Court to award it specific amounts of damages, costs, and attorney's fees. Moreover, some of Defendants' attorneys have moved to withdraw, and Defendants have requested an extension of their deadline to respond to Plaintiff's brief and evidence regarding damages, costs, and attorney's fees.

The Court rules on the pending motions as follows:

Defendants' Rule 60(b) motion (Dkt. 114) is respectfully **DENIED**.

The motion to withdraw filed by attorneys Kevin Keener and Omar Darwich (Dkt. 115) is **GRANTED**.

1 / 4

Defendants' motion for an extension of time to respond to Plaintiff's damages evidence (Dkt. 112) is respectfully **DENIED**.

Plaintiff's motion seeking an award of specific amounts of damages, costs, and attorney's fees (Dkt. 110) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's requests for damages and costs are sufficiently supported by affidavits and documentary evidence. However, Plaintiff's application for attorney's fees does not contain sufficient information to establish the exercise of billing judgment as to the total amount sought— over $280,000.00. (Dkt. 110-1 at p. 8). *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("Plaintiffs seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment."). To establish billing judgment, a fee applicant must produce "documentation of the hours charged and the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). That said, "[t]he proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Plaintiff's application for attorney's fees presents monthly totals of hours billed, but it does not contain line items explaining what tasks were performed during those hours. For instance, here is the entry for July of 2023:

| Date | Inv. # | Timekeeper Name | Timekeeper rate | Fees Billed | Expenses Billed | Invoice Total |
|---|---|---|---|---|---|---|
| | | John Watkins | $175.00 | $945.00 | | |
| | | David Cabello | $600.00 | $1,320.00 | | |
| | | Lynn Huston | $425.00 | $14,450.00 | | |
| July 2023 | 2162 | vs. Act Fire | | $16,715.00 | $669.00 | $17,384.00 |

Dkt. 110-1 at p. 5.

These monthly totals lack at least "a short but thorough description of the services rendered" and are too vague to establish entitlement to the fees sought. *Cf. Walker v. City of Mesquite, Texas*, 313 F.3d 246, 252 (5th Cir. 2002) (quotation marks omitted); *see also Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) ("The party seeking attorneys' fees must present adequately documented time records to the court."); *Securities and Exchange Commission v. Allen*, No. 3:11-CV-882, 2013 WL 12125996, at *2 (N.D. Tex. Feb. 26, 2013) ("To determine the reasonable number of hours, the fee request submitted to the court should include contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.") (quotation marks omitted). However, earlier in this litigation, Plaintiff submitted very thorough billing records related to its motions to compel discovery and the numerous hearings necessitated by Defendants' discovery abuse. (Dkt. 99). Those billing records alone support an award of attorney's fees in the amount of $45,897.50. (Dkt. 99-2 at p. 3). Having considered the record as a whole, the Court concludes that Plaintiff is entitled to an award of attorney's fees in the amount of $50,000.00.

Accordingly, the Court awards Plaintiff $3,825,000.00 in actual damages; $1,431.65 in court costs; and $50,000.00 in attorney's fees.

SIGNED at Houston, Texas on March 27, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE